AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of

One 2006 BMW M5,
and all attachments thereto,
VIN:
registered to Aubrey Randolph Scott, Jr.

**APPLICATION AND AFFIDAVIT**
**FOR SEIZURE WARRANT**

**FILED**   07-252-M-01

MAY 2 9 2007

CASE NUMBER:

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I __Jan Kostka__ being duly sworn depose and say:

I am a(n) __Postal Inspector with the United States Postal Inspection Service__ and have reason to believe that in the State of Maryland, but within the jurisdiction of this Court, there is now certain property which is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), namely

One 2006 BMW M5,
and all attachments thereto,
VIN:
registered to Aubrey Randolph Scott, Jr.

as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. 1341 (mail fraud) and as property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 or 1957, or any property traceable to such property.

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    X YES   ☐ NO

William B. Wiegand, AUSA
Asset Forfeiture Unit, Criminal Division
(202) 307-0299

Jan Kostka, Postal Inspector
United States Postal Inspection Service
(301) 440-1519

Sworn to before me, and subscribed in my presence

MAY 29 2007
Date

ALAN KAY
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

at Washington, D.C.

Signature of Judicial Officer

**AFFIDAVIT**

This affidavit is submitted in support of an application for separate warrants to seize:

(1) a 2006 BMW-manufactured M-5 model vehicle, having the Vehicle Identification Number ("VIN") WBSNB93586CX06242, and commonly bearing Maryland state license plates with the number JKA663; and,

(2) a 2005 Toyota-manufactured, Sienna model minivan, having VIN 5TDBA22C65S051290, and commonly bearing and Maryland state license plates with the numbers 588M286.

<u>Introduction</u>

Your affiant, Jan Kostka, first being duly sworn, do hereby aver, depose, and state as follows:

1. Your affiant is a Postal Inspector for the United States Postal Inspection Service ("USPIS"), authorized to conduct investigations on its behalf and has been so employed since August, 2006. Your affiant is currently assigned to the USPIS's District Fraud Focus Team in the Washington Division, and investigates various federal offenses, including 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1344 (bank fraud), and §§1956 and 1957 (money-laundering). Your affiant has received various forms of training in general law enforcement and investigations involving violations of postal laws and federal statutes. Your affiant has received asset forfeiture training and has consulted with senior postal inspectors and an asset forfeiture specialist in reference to the matter set forth in this affidavit.

2. The information contained in this affidavit is based on my personal knowledge and observations during the course of this investigation, on information conveyed to me by other Postal Inspectors, and on my review of records, documents, and other physical evidence obtained during the investigation. This affidavit is not intended to include every fact observed by me or known to the government. Your affiant has included only those facts that I believe are needed to obtain a seizure warrant.

3. The USPIS is investigating allegations that during the years 2000 through 2006, Aubrey Randolph Scott, Jr. defrauded his former employer, the National Academy of Sciences ("NAS"), by arranging for NAS to pay invoices submitted by "shell" company, Paper Perfect Reproductions, which Scott created and incorporated. The USPIS investigation shows that (1) NAS never received from Paper Perfect Reproductions any of the goods or services, which these invoices represented that Paper Perfect Reproductions had supplied, (2) that the invoiced amounts were not due or owing to PPR by NAS, and (3) NAS had made payments to PPR against these invoices for the goods or services listed in the invoices. Because payments for these invoices frequently were sent by mail, this false invoicing and payments scheme was a violation of 18 U.S.C. §§ 1341, which proscribes mail fraud. Further, deposit of the proceeds of this fraud into a particular bank account and subsequent payments from that account to buy automobiles and other property constitutes a money-laundering offense in violation of 18 U.S.C. §§ 1956 and 1957.

4.  The National Academy of Sciences is a nonprofit organization, which Congress chartered to honor American scientists and advise the government on science and technology. NAS is compensated on a cost reimbursement basis for the expenses involved in organizing and supporting its work. About 85% of NAS's funding comes from grants and contracts awarded by the federal defense department and other government agencies. The rest comes from state and local governments, private foundations, and the Academy's own endowment.

5.  The information set forth below shows that Aubrey Randolph Scott, using his Paper Perfect Reproductions entity, has by mail defrauded NAS of its monies and that the proceeds of this mail fraud scheme were deposited into a bank account, from which payments were made to purchase the BMW and the Toyota vehicles for which I am seeking a seizure warrant. Therefore, as the proceeds of mail fraud, these vehicles are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C). In addition, these BMW and Toyota vehicles have been paid for by the proceeds of this mail fraud scheme after the money generated by the fraud was "laundered" to conceal and disguise the proceeds' illegal nature, in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering). Therefore, these vehicles are subject to forfeiture and seizure pursuant to 18 U.S.C. 981(a)(1)(A).

*Evidence Supporting Probable Cause*

6.  On February 8, 2007, another U.S. Postal Inspector and your affiant interviewed NAS representatives who reported the discovery of suspicious transactions during an internal financial audit. The suspicious transactions consisted of payments of a number of invoices, totalling about $1.2 million, from a company named Paper Perfect Reproductions, Inc. ("PPR"), 4200 Wisconsin Avenue, N.W., Washington, DC 20016-2143. NAS representatives indicated there were numerous invoices ranging in dates from about July 2000 to April 2006, and pointed out that each invoice was in an amount of less than $2,500, which prevented them from being discovered during routine NAS audits. In addition, the NAS representatives indicated that they were able to identify a series of checks that NAS had written to PPR for these invoices, and PPR had cashed these checks and received payment for them from NAS. According to NAS, there were a total of 108 of those checks written by NAS ranging in dates from June 7, 2000 to April 20, 2006 and totaling $1,211,033.00. These checks were mailed by NAS using the United States Postal Service or private courier services to: Paper Perfect Reproductions, Attn. PMB 106 -176, 4200 Wisconsin Ave NW, Washington, DC 20016-2143. NAS representatives further advised that PPR was not a registered vendor with NAS, and NAS did not use the products whose costs NAS was billed for in the PPR invoices.

7.  Furthermore, NAS representatives indicated that all PPR invoices had been presented through NAS's Copy Center division and carried the initials "AS" as the approving official. They also indicated that the initials "AS" matched Aubrey Randolph Scott's initials. At the time, Scott was NAS's Copy Center manager and was an authorized payment official for the Copy Center. In addition, a review of Scott's Official Personnel Folder revealed Scott was responsible for providing financial and billing information to Accounting Department for customer invoicing and to Purchasing Department for equipment and service contracts.

8.  Your affiant has reviewed the PPR invoices to NAS and found that the last invoice presented for payment to NAS was dated April 10, 2006 and approved by "AS" on April 13,

2006. A review of NAS personnel records revealed that Aubrey Randolph Scott's position was eliminated due to reduction in workforce and Scott stopped working for NAS on April 14, 2006.

9.  All Paper Perfect Reproductions' invoices had a business address of 4200 Wisconsin Avenue, N.W., Washington, DC 20016-2143. Invoices dated December 17, 2001 through October 14, 2004 listed a customer service phone number 202-288-1151. However, invoices dated October 28, 2004 through April 10, 2006 did not list the customer service phone number; instead the invoices provided an e-mail address for contacting customer service. This e-mail address was: paperperfect@verizon.net.

10. A physical verification of the address 4200 Wisconsin Avenue NW, Washington, DC 20016-2143 revealed it to be a United Parcel Service Store (UPS Store), a commercial mail receiving agency that allows its customers to open up boxes to receive mail. A review of the records on file with the UPS store disclosed that box number 106-176 was rented on May 19, 2000 to receive mail for Paper Perfect Reproductions. Furthermore, the application for mail box 106-176 listed Aubrey R. Scott as the person who opened it and the only authorized mail-receiving agent for Paper Perfect Reproductions. Scott listed his home and business address on the mail box application as 11103 Knights Ct., Germantown, MD 20876, which your affiant has confirmed as Scott's residence. In addition the mail box application listed Paper Perfect Reproduction as an entity incorporated in the State of Delaware on March 30, 2000. A payment history for mail box 106-176 and obtained from the UPS Store shows that the box was rented for six month periods and that the last payment covered the period ending September 1, 2006.

11. A review of records received from AT&T revealed that the phone number 202-288-1151, which appeared on the earlier PPR invoices to NAS and is identified earlier in this affidavit, is currently assigned to Aubrey Randolph Scott and has been assigned to him since April 12, 2000. The records from AT&T list 11103 Knights Ct., Germantown, MD 20876 as the user and billing address for the account.

12. A review of records obtained from Verizon shows that paperperfect@verizon.net, which appeared on the later PPR invoices to NAS and was identified earlier in this affidavit, is a sub-account to an account opened and held by Aubrey Scott since October 4, 2004. The records from Verizon list 11103 Knights Ct., Germantown, MD 20876 as the account address.

13. Records received from the Secretary of State for the State of Delaware revealed that Paper Perfect Reproductions was incorporated on March 20, 2000. An annual report for the year 2001 and filed with the Secretary of State of Delaware lists and shows the signature of Aubrey Scott as the president of Paper Perfect Reproductions.

***Tracing the Fraudulently Obtained Funds***

14. All checks issued by NAS and payable to PPR indicate they were deposited into account number XXXXXXXX0851 currently maintained by Wachovia Bank. A review of records received from Wachovia Bank pertaining to the above account number indicates that this is a business checking account for Paper Perfect Reproductions opened by Aubrey Randolph Scott on April 10, 2000, and again listing Scott's home address of 11103 Knights Ct., Germantown, MD. Your affiant has further reviewed the deposits into PPR's Wachovia

account from August 1, 2001 through March 3, 2007 and found that $1,059,291.00 was deposited into the account. The NAS checks were the sole source of deposits to the PPR Wachovia account. In addition, your affiant has also reviewed the disbursements from PPR's Wachovia account from August 1, 2001 through March 3, 2007 and found no disbursements of business expenses, such as supplies, payroll, and other items normally associated with an on-going concern business.

15.    Your affiant has reviewed all checks drawn from Paper Perfect Reproductions' Wachovia account from August 1, 2001 through March 3, 2007 identified in paragraph 14 above. Your affiant discovered check number 1191, dated July 3, 2006, payable to VOB BMW in the amount of $57,000.00. Check number 1191 was signed by Scott and used to purchase the BMW vehicle for which I am seeking a seizure warrant.

16.    A review of VOB BMW dealership records revealed that Scott purchased this vehicle on July 3, 2006 using the check number 1191 identified in the previous paragraph of this affidavit.

17.    In reviewing the checks drawn from PPR's Wachovia account referred to above, your affiant has further discovered check number 1163, dated July 14, 2005, payable to 355 TOYOTA in the amount of $25,288.45 and signed by Scott.

18.    Review of Scott's credit file with Equifax lists a credit inquiry from 355 TOYOTA on July 14, 2005. Based on the information about the PPR bank account check made out to 355 Toyota and the credit inquiry, your affiant concludes that Scott purchased the Toyota vehicle for which I am seeking a seizure warrant.

19.    In connection with this investigation, I also have also researched information about vehicle registrations that is maintained in one or more national law enforcement computerized data bases. In doing so, I have learned that these BMW and Toyota vehicles are registered to Aubrey Randolph Scott, as well as a woman I believe to be his wife. This information matches the VIN number for each of Scott's registered vehicles to the vehicles for which these warrants are being sought. Registration information about the Toyota Siena vehicle indicates that it was first registered in the month of July, the same month in which it appears that Scott bought a Toyota vehicle from 355 Toyota in 2005.

### *Conclusion*:

20.    Based on the facts set forth above and my training and experience, your affiant believes that there is probable cause that the subject BMW and Toyota vehicles were purchased in large part with the proceeds of mail fraud in violation of 18 U.S.C. § 1341. Therefore, they are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which incorporates by reference 18 U.S.C. § 1956(c)(7)(F). Furthermore, mail fraud is specified unlawful activity for money laundering, under 18 U.S.C., section 1956 and 1957. Your affiant submits that the proceeds of Scott's mail fraud, have been laundered into the purchase of the subject BMW and Toyota vehicles in order to conceal and disguise their true nature and source, in violation of 18 U.S.C. 1956(a)(1)(B)(i) and 1957(A) (money laundering). Therefore, this vehicle is also subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering and/or property traceable thereto.

_____  
                                                Jan Kostka  
                                                U.S. Postal Inspector  
                                                U.S. Postal Inspection Service

Sworn to before this \_\_\_\_ day of _____ , 2007,

_____  
United States Magistrate Judge  
District of Columbia